WENTWORTH, Judge.
The parties’ marriage was dissolved in 1982 by a final order which incorporated a Settlement Agreement executed by them. The agreement provided for the property settlement and support for the wife and four children who were minors at the time of the dissolution. The trial court specifi.cally retained jurisdiction to enforce or modify the judgment, and in November, 1983, the husband filed a petition for modification which resulted in the order now being appealed by him. We affirm.
The husband’s primary contention in this appeal is that the terms of the support provision in the Stipulation and Agreement demonstrate the parties’ intention that the wife would not receive permanent alimony, and that it was therefore error for the court to have awarded it. The original support provision required the husband to pay a sum of $1,850.00 per month as “family support” for the wife and children.[1] The paragraph containing the support provision included the following language:
The parties do not anticipate that the Wife will need to rely on the Husband permanently for support ... The level of support contained in this section is for the purposes of maintaining the Wife and children while the Wife completes her education and seeks employment.

Nothing in this paragraph shall be construed as a waiver on the part of either party to apply to the court or seek, in March of 1983, a change in the support payments or to seek termination, increase or decrease thereof. The provisions of this paragraph are in recognition of the fact that the parties and the court will be in a better position to determine the issues of support for the Wife and children in March of 1983.
Because of the statement that the parties did not “anticipate” that the wife would require alimony, and in spite of the express statement to the contrary, the husband argues that the wife waived her right to permanent alimony by agreeing to the stipulation. We are not persuaded by his argument and we will not hold that the parties were bound by their anticipations in view of the totality of the agreement.
On the merits, we find that the trial court’s determinations that the wife is in need of permanent alimony and that the husband has the ability to pay are supported by the record.[2] We also note that the order appealed incorporates the provision of the final judgment pertaining to retention of jurisdiction so that the parties may seek future modification should such be warranted by a change of circumstances.
Affirmed.
SMITH and WIGGINTON, JJ., concur.

. This arrangement is referred to in appellant’s brief as a “Lester Agreement,” an arrangement commonly utilized to secure the most desirable tax advantages for the parties.

. At the time of the modification the wife had recently secured permanent employment as a legal librarian earning $13,500 per year. The husband was earning approximately $62,000.